UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| FANNIE MAE, | Cause No. CV 18-144-GF-BMM |
| Plaintiff, | |
| vs. | **CONSENT JUDGMENT** |
| JAMES WHITFORD, | |
| Defendant. | |

Plaintiff Fannie Mae has filed with the Court an Unopposed Motion for Consent Judgment under which the Defendant confesses judgment in favor of Fannie Mae pursuant to the terms of the parties' mutually agreed to Settlement Agreement, which was attached to the Motion and is also attached hereto.

The Court, being fully apprised of the terms of the settlement, with the full agreement of the parties, and good cause appearing,

HEREBY ORDERS, ADJUDGES AND DECREES and enters Judgment in favor of Fannie Mae and against Defendant Whitford as follows:

1. The nonjudicial foreclosure of the Deed of Trust conducted under the power of sale contained in the Deed of Trust securing a reverse mortgage loan granted to WHITFORD'S deceased spouse, Patricia Whitford, and pursuant to Montana's Small Tract Financing Act ("STFA") and the related nonjudicial trustee's sale on April 21, 2014, of certain real property and improvements thereto consisting of a single-family residential home on 9.4 acres of land (hereinafter "the Property") in Glacier County, Montana, located at 4150 Highway 89, Babb, Montana, 59411, described legally as: Township 36 North, Range 14 West, M.P.M., Section 16: Lots 1 and 3, located in Glacier County, Montana within the boundaries of the Blackfeet Indian Reservation was valid and is legally enforceable.

2. FANNE MAE is the sole owner of record in fee simple of the Property by virtue of being the purchaser at the trustee's sale held on April 21, 2014 in Cut Bank, Montana.

3. The right, title and interest of Defendant WHITFORD to the Property was properly foreclosed by the aforementioned trustee's sale.

4. FANNIE MAE holds title to the Property free and clear of any right, title or interest claimed by WHITFORD.

5. The Deed of Trust need not be foreclosed judicially in the Blackfeet Tribal Court pursuant to Tribal Law.

6. FANNIE MAE is entitled to be placed in possession of the Property, and is entitled to the issuance of a writ of possession, writ of assistance or restitution, or other appropriate writ from the Tribal Court, the U.S. District Court for the District Montana and/or the Montana Ninth Judicial District Court for Glacier County, Montana directing, if necessary, any tribal, state, or federal law enforcement officer of competent jurisdiction to remove WHITFORD from possession of the Property and to put FANNIE MAE in possession thereof.

7. WHITFORD shall dismiss with prejudice and release any claim or counterclaim which was asserted or could be asserted in any of the aforementioned legal actions.

8. WHITFORD shall vacate the Property peacefully by or before January 31, 2019, and shall surrender possession to FANNIE MAE, or its designated agent or agents by that date.

9. Each party shall pay its own attorney fees and costs.

10. The terms of the Settlement Agreement and the parties' respective obligations as delineated above and in the Settlement

Agreement shall be specifically enforceable by any court of competent jurisdiction.

11. The parties shall execute any and all necessary documents and instruments as may be reasonably requested by the other party or parties to evidence the obligations and agreements or to carry out the provisions and intent of the Settlement Agreement.

DATED this 4th day of February, 2019.

_____
Brian Morris
United States District Court Judge